UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MARI-LYNNE EARLS,<br><br>Plaintiff,<br><br>v.<br><br>MARY J. GREENWOOD,<br><br>Defendant. | Case No. 19-cv-01317-LB<br><br>**ORDER REFERRING CASE FOR PURPOSE OF DETERMINING RELATIONSHIP OR, IN THE ALTERNATIVE, ORDER TO REASSIGN CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO DISMISS COMPLAINT**<br><br>Re: ECF No. 1 |

**INTRODUCTION**

Pro se plaintiff Mari-Lynne Earls brings this action against the Presiding Justice of the California Court of Appeal for the Sixth District to challenge a 2011 order by the Superior Court of California in the County of Santa Clara designating her a vexatious litigant pursuant to California Civil Procedure Code § 391(b).

Ms. Earls previously brought an action in this district last year raising a similar challenge to the Santa Clara Superior Court's vexatious-litigant order. In February 2018, United States District Judge Vince Chhabria dismissed Ms. Earls's complaint without leave to amend, holding that Ms. Earls's challenges to the Santa Clara Superior Court's order were barred by the *Rooker-Feldman* doctrine. *Earls v. Cantil-Sakauye*, No. 3:17-cv-07122-VC, slip op. (N.D. Cal. Feb. 26, 2018), ECF No. 30 (*Earls I*). Ms. Earls filed an appeal. In December 2018, the Ninth Circuit affirmed the

dismissal of her complaint as barred by the *Rooker-Feldman* doctrine. *Earls v. Cantil-Sakauye*, 745 F. App'x 696 (9th Cir. 2018) (*Earls II*).

Ms. Earls then filed this second action in March 2019. Like the claims in her first action, Ms. Earls's claims in this action are barred by the *Rooker-Feldman* doctrine and must be dismissed.

Ms. Earls declined magistrate-judge jurisdiction.[1] This case therefore must be reassigned. The undersigned refers the case to Judge Chhabria to determine whether this case should be related to *Earls I*, No. 3:17-cv-07122-VC. If Judge Chhabria determines that this case should not be related to *Earls I*, the undersigned orders the clerk of court to reassign this case to a randomly assigned district judge. The undersigned recommends that the newly assigned district judge dismiss Ms. Earls's complaint with prejudice as barred by the *Rooker-Feldman* doctrine.

## STATEMENT

In 2003, plaintiff Mari-Lynne Earls and her ex-husband signed a settlement agreement for child support before the Santa Clara Superior Court, which entered the settlement agreement as a judicial order.[2] Ms. Earls was represented at the time by attorney Vanessa Zecher.[3]

In 2010, Ms. Earls filed five propria persona motions to vacate the 2003 settlement agreement and order and raising other challenges.[4] Among other things, Ms. Earls argued that Ms. Zecher had told her not to trust family-court judges because "many of them are ill-tempered, ill-prepared, or just plain ill" and that Ms. Zecher had intentionally misguided her into accepting the settlement.[5] Ms. Earls's ex-husband, for his part, filed a motion to have Ms. Earls declared a

---

[1] Earls Declination – ECF No. 7. Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] Order on Judicially Supervised Settlement, *Earls v. Amdahl*, No. 1-92-FL027294 (Cal. Super. Ct. Santa Clara Cty. Mar. 21, 2013) (attached as Compl. Ex. A, *Earls v. Cantil-Sakauye*, No. 3:17-cv-07122-VC (N.D. Cal. Dec. 14, 2017), ECF No. 1-1). The court may take judicial notice of court filings, as a matter of public record. *Mahoney v. Sessions*, 871 F.3d 873, 876 n.2 (9th Cir. 2017).

[3] *See* Compl. – ECF No. 1 at 8 (¶ 7), 9 (¶ 13).

[4] *See id.* at 10 (¶ 16), 12 (¶ 21).

[5] Compl. – ECF No. 1-1 at 2–3 (¶ 39).

United States District Court
Northern District of California

vexatious litigant.[6] In 2011, the Santa Clara Superior Court granted Ms. Earls's ex-husband's motion and declared Ms. Earls to be a vexatious litigant.[7]

Since 2011, Ms. Earls has attempted to get her vexatious-litigant designation rescinded but has been unable to do so.[8] Ms. Earls alleges that this is in part because Ms. Zecher, her former attorney, is now a judge in the Santa Clara Superior Court and that Ms. Earls is facing a "'wall of silence' by judicial officers."[9]

In December 2017, Ms. Earls filed an action in federal court in this district against the Chief Justice of the California Supreme Court, the Presiding Judge of the Santa Clara Superior Court, and the California Attorney General, alleging that the Santa Clara Superior Court's designation of her as a vexatious litigant violates her First and Fourteenth Amendment rights.[10] In February 2018, Judge Chhabria dismissed Ms. Earls's complaint, holding that "under the *Rooker-Feldman* doctrine, this court lacks jurisdiction to engage in the de-facto review of state court judgments for legal error." *Earls I*, slip op. at 1 (citing *Kougasian v. TSML, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004); *Branson v. Nott*, 62 F.3d 287, 292 (9th Cir. 1995)).

Ms. Earls filed an appeal. In December 2018, the Ninth Circuit affirmed the dismissal of her complaint, holding that "[t]he district court properly dismissed [Ms.] Earls's claims regarding past or future enforcement of the prefiling order, and her inclusion on the Judicial Council's vexatious litigant list, because such claims constitute a forbidden 'de facto appeal' of prior state court judgments or are 'inextricably intertwined' with those judgments" and thus are barred by the *Rooker-Feldman* doctrine. *Earls II*, 745 F. App'x at 697 (citing *Noel v. Hall*, 341 F.3d 1148, 1163–65 (9th Cir. 2003); *Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007)). The Ninth Circuit further held that "[d]ismissal of [Ms.] Earls's first amended complaint without leave

---

[6] *See* Compl. – ECF No. 1-1 at 3 (¶ 40).

[7] Compl. – ECF No. 1 at 7 (¶ 1); Compl. – ECF No. 1-1 at 3 (¶ 40).

[8] *See* Compl. – ECF No. 1 at 10 (¶¶ 14–15), 11–12 (¶ 21).

[9] *See* Compl. – ECF No. 1-1 at 4 (¶ 43); *see generally id.* at 2–6 (¶¶ 38–50), 7 (¶ 53).

[10] Complaint, *Earls v. Cantil-Sakauye*, No. 3:17-cv-07122-VC (N.D. Cal. Dec. 14, 2017), ECF No. 1.

to amend was not an abuse of discretion because amendment would have been futile." *Id.* (citing *Chappel v. Lab. Corp.*, 232 F.3d 719, 725–26 (9th Cir. 2000)).

In March 2019, Ms. Earls filed this action against the Presiding Justice of the California Court of Appeal for the Sixth District, again alleging that the Santa Clara Superior Court's designation of her as a vexatious litigant violates her First and Fourteenth Amendment rights.[11]

# ANALYSIS

## 1. Governing Law

Federal courts are courts of limited jurisdiction. *E.g., Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The plaintiff bears the burden of proving that her case is within federal jurisdiction. *See, e.g., In re Ford Motor Co. / Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

The *Rooker-Feldman* doctrine states that federal district courts may not exercise subject-matter jurisdiction over a de facto appeal from a state court judgment. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003) (citing *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983)) . The doctrine governs "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Mothershed v. Justices of the Sup. Ct.*, 410 F.3d 602, 606 (9th Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Bk. Indus. Corp.*, 544 U.S. 280, 285 (2005)). "Under *Rooker-Feldman*, lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States." *Id.*

---

[11] Compl. – ECF No. 1 at 16 (¶ 33); Compl. – ECF No. 1-1 at 1–8 (¶¶ 33–55).

United States District Court
Northern District of California

**2. Application**

The Ninth Circuit ruled that Ms. Earls's challenges to her state-court vexatious-litigant designation are barred by the *Rooker-Feldman* doctrine. *Earls II*, 745 F. App'x at 697. The Ninth Circuit's decision is controlling here. The fact that Ms. Earls now names the Presiding Justice of the California Court of Appeal for the Sixth District as a defendant (instead of the Chief Justice of the California Supreme Court and the Presiding Judge of the Santa Clara Superior Court, as she did in her earlier case) does not change the fact that the *Rooker-Feldman* doctrine applies and bars her claims.

### CONCLUSION

The undersigned refers the case to Judge Chhabria to determine whether this case should be related to *Earls I*, No. 3:17-cv-07122-VC. If Judge Chhabria determines that this case should not be related to *Earls I*, the undersigned orders the clerk of court to reassign this case to a randomly assigned district judge. The undersigned recommends that the newly assigned district judge dismiss Ms. Earls's complaint as barred by the *Rooker-Feldman* doctrine. Because the defects in Ms. Earls's complaint cannot be cured, the undersigned recommends that the dismissal be with prejudice. *Cf. Earls II*, 745 F. App'x at 697.

Any party may serve and file specific written objections to this recommendation within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); N.D. Cal. Civ. L.R. 72-3. Failure to file written objections within the specified time may waive the right to review of the issue in the district court.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: March 29, 2019

_____
LAUREL BEELER
United States Magistrate Judge